IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.

L.A. BAILEY,

    **Defendant.**　　　　　　　　　　　　　　　　No. 10-CR-30005-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is defendant L.A. Bailey's Motion to Correct Clerical Error (Doc. 67) and the government's Motion to Dismiss the same (Doc. 68). Bailey asks the Court to revise his Presentence Investigation Report and adopt a new sentencing range of 37-46 months. The government contends Bailey's motion is an unauthorized successive 2255 motion and must be dismissed for lack of subject matter jurisdiction. The Court agrees. Accordingly, for the reasons set forth below, the government's motion (Doc. 68) is **GRANTED** and Bailey's Motion to Correct Clerical Error (Doc. 67) is **DENIED** for lack of jurisdiction.

On January 12, 2010, a federal grand jury charged Bailey with two counts of distribution of crack cocaine. Crim. No. 10-CR-30005-DRH, Doc. 1. On May 28, 2010, Bailey entered an open plea of guilty to both counts in the Indictment. Crim. Doc. 25.

Bailey's sentencing hearing was held on October 15, 2010. Crim. Doc. 36, 39. The district court determined that Bailey was a career offender and sentenced Bailey to 216 months imprisonment, six years supervised release, and a $400 fine. Crim. Doc. 36.

On October 27, 2010, Bailey filed a notice of appeal. Crim. Doc. 41. On March 31, 2011, the Seventh Circuit granted counsel's motion to withdraw and dismissed Bailey's appeal. *See United States v. Bailey*, Appeal No. 10-3515, 417 Fed. Appx. 556, 2011 WL 1196098 (7th Cir. March 31, 2011).

On September 19, 2011, Bailey filed a motion under 28 U.S.C. §2255. *L.A. Bailey v. United States*, 11-CV-00843-DRH, Civil Doc. 1. On May 3, 2013, the district court entered a Memorandum and Order denying Bailey's § 2255 motion, and declined to issue a Certificate of Appealability. Civil Doc. 12. Judgment was entered on May 3, 2013. Civil Doc. 13. On June 16, 2014, the Seventh Circuit affirmed this Court's decision. *Bailey v. United States*, 566 Fed.Appx. 512 (7th Cir. June 16, 2014).

Thereafter, Bailey filed the present Motion to Correct Clerical Error. Regardless of the title attached to Bailey's motion, it is, in essence, a collateral attack on his sentence. *See United States v. Williams*, 777 F.3d 909 (7th Cir. 2015). As such, the Court must treat it as a motion under Section 2255. *See United States v. Williams,* 777 F.3d 909 (7th Cir. 2015); *United States v. Carraway,* 478 F.3d 845, 848 (7th Cir. 2007)*; Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

This constitutes Bailey's second collateral attack on his sentence. The court does not have jurisdiction to entertain a successive Section 2255 motion absent certification by the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h); *United States v. Boyd,* 591 F.3d 953 (7th Cir. 2010). Therefore, Bailey's motion must be dismissed for lack of subject matter jurisdiction.

For the reasons discussed herein, Bailey's Motion to Correct Clerical Error (Doc. 67) is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 9th day of July, 2015.

Digitally signed by
David R. Herndon
Date: 2015.07.09
10:57:12 -05'00'

**United States District Court**