**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**L.A. BAILEY,**

**Defendant.**                                                    **No. 10-30005-DRH**


**<u>MEMORNADUM and ORDER</u>**

**HERNDON, District Judge:**

Pending before the Court is Bailey's latest motion for reduction of sentence in this closed criminal case (Doc. 78). Again, Bailey moves the Court to reduce his sentence based on the agreed drug weight of 7.2 grams of "crack cocaine." Based on the following, the Court dismisses for lack of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based in evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14

1

days after the verdict or the finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Bailey does not cite any case law or statute that would allow the Court to consider his motion. Rule 35 is inapplicable because this motion is brought almost 8 years *after* the sentencing (October 15, 2010) and it does not appear to be brought to correct the sentence's arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Bailey could bring this motion is a Section 2255 collateral attack. However, the Court notes that Bailey has already filed a 2255 petition which the Court denied and dismissed with prejudice and the Seventh Circuit Court of Appeals affirmed. *See Bailey v. United States*, 11-0843; Docs. 12, 13 & 28.

Because Bailey previously filed a § 2255 petition, his current motion is a is "second or "successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez*

2

*v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2

(providing a procedure for prisoners to seek leave to file a successive motion under

§ 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application

in 1997 used up the only collateral attack allowed as of right, and the district court

thus lacks jurisdiction to entertain any further collateral proceedings unless this

court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Bailey's petition is silent as to the authorization from the

Seventh Circuit and this Court cannot provide Bailey with the authorization to

proceed with this 2255 petition. *United States v. Boyd*, 591 F.3d 953 (7th Cir.

2015).

Accordingly, the Court dismisses for want of jurisdiction Bailey's motion

(Doc. 78).

**IT IS SO ORDERED**.

Judge Herndon
2018.09.05 10:59:46
-05'00'

**United States District Judge**