IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**L.A. BAILEY,**

**Defendant.**                                          No. 10-30005-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Pending before the Court is another attempt by Bailey to contest his sentence in this old close criminal case (Doc. 80). Ignoring his past failed attempts, Bailey moves the Court for reconsideration of the Court's September 5, 2018 Order denying for lack of jurisdiction his motion to amend. Based on the following, the Court finds that this attempt also fails and dismisses for lack of jurisdiction the motion to amend judgment.

On January 12, 2010, a federal grand jury charged Bailey with two counts of

1

distribution of crack cocaine (Doc. 1). On May 28, 2010, Bailey entered into an open plea of guilty on both counts of the Indictment (Doc. 25). On October 15, 2010, the Court sentenced Bailey as a career offender pursuant to U.S.S.G. § 4B1.1 and sentenced him to 216 months, six years supervised release, and a $400 fine (Doc. 36).

On October 27, 2010, Bailey filed a notice of appeal (Doc. 41). On March 31, 2011, the Seventh Circuit Court of Appeal's granted counsel's motion to withdraw and dismissed Bailey's appeal. *See United States v. Bailey*, Appeal No. 10-3515, 417 Fed. Appx. 556, 2011 WL 1196098 (7th Cir. 2011) (Doc. 52).

On September 19, 2011, Bailey filed a motion under 28 U.S.C. § 2255. *See Bailey v. United States*, 11-CV-00843-DRH (Doc. 1). On May 13, 2013, the undersigned entered a Memorandum and Order denying Bailey's § 2255 motion and declined to issue a certificate of appealability. *Id*. at Doc. 12. Judgment reflecting the same was entered on May 3, 2013. *Id*, at Doc. 13. On June 16, 2014, the Seventh Circuit affirmed this Court's decision. *Bailey v. United States*, 566 Fed.Appx. 512 (7th Cir. 2014); *Id*. at Doc. 28-1.

Thereafter, Bailey filed a motion to correct clerical error dated July 8, 2015 (Doc. 68) which the Court dismissed for lack of jurisdiction on July 9, 2015 (Doc. 69); a Rule 36 motion to correct clerical error in the record dated October 17, 2016 (Doc. 73) which the Court struck the same day (Doc. 75); a May 30, 2017 motion for relief from Order (Doc. 76) which the Court dismissed for lack of jurisdiction on

June 1, 2017 (Doc. 77)1; and a September 4, 2018 pro se motion to reduce sentence -USC amendment (Doc. 78) which the Court dismissed for lack of jurisdiction on September 5, 2018 (Doc. 5).

Now, Bailey filed the present motion for reconsideration of Memorandum and Order of September 5, 2018 to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 80). Bailey contends that he should be resentenced to reflect the benefits of the Fair Sentencing Act of 2010 and Amendment 782; despite the fact that he was sentenced as a career offender.[2] Regardless of what Bailey calls it, what is attached to Bailey's motion and the arguments he raises, it is, a collateral attack on his sentence. *See United States v. Williams*, 777 F.3d 909 (7th Cir. 2015). It must be treated by the Court as such. *See Williams*. This motion constitutes as a second as successive collateral attack on his sentence. The Court does not have jurisdiction to entertain such motion absent certification by the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h)(1); *United States v. Boyd*, 591 F.3d 953 (7th Cir. 2010). Therefore, Bailey's motion must be dismissed for lack of jurisdiction.

---

1 The Court notes that Bailey filed this same motion in his 28 U.S.C. § 2255 case and the Court dismissed for lack of jurisdiction that motion also. *See Bailey v. United* States, 11-00843-DRH, Docs. 29 & 30.

2 The Court notes that Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine and Amendment 782 provides a two level reduction to defendants who were sentenced based on drug quantities; these Amendments do not provide a reduction for defendants who were sentenced under a different guideline such as Bailey.

3

Accordingly, the Court dismisses for want of jurisdiction Bailey's motion (Doc. 80).

**IT IS SO ORDERED**.

Judge Herndon
2018.09.24 10:37:26
-05'00'

**United States District Judge**